COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Annunziata and
         Senior Judge Hodges
Argued at Richmond, Virginia


MURRAY L. STEINBERG
                                        OPINION BY
v.   Record No. 2111-93-2      CHIEF JUDGE NORMAN K. MOON
                                      SEPTEMBER 5, 1995
KATHERINE T. STEINBERG (SHUMAKER)


           FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   Lee A. Harris, Jr., Judge

          Murray L. Steinberg, pro se.

          Kathleen B. Martin, Assistant Attorney General
          (James S. Gilmore, III Attorney General, on
          brief), for appellee.


     Appellant, Murray L. Steinberg, appeals his conviction of

criminal contempt for failing to comply with the trial court's

orders regarding child support and visitation.  Steinberg argues

that the court erred by not following the proper procedure for

criminal contempt proceedings, thereby denying him due process of

law, and by finding that he waived his right to counsel in the

contempt proceeding.  We affirm Steinberg's conviction because he

was given adequate notice of the trial court's decision to

proceed with criminal contempt charges against him and because

the trial judge properly ascertained that Steinberg knowingly and

intelligently waived his right to be represented by counsel.

     The pertinent facts are as follows.  On September 3, 1993,

Katherine Steinberg Shumaker (Shumaker) filed a motion in the

trial court charging Steinberg with contempt of court after

Steinberg failed to comply with the terms of the trial court's

July 15, 1993 order concerning a visitation schedule with the parties' daughter and failed to make child support payments to Shumaker. On September 8, 1993, Steinberg filed a responsive pleading asking for a jury trial, recognizing that because he might be "imprisoned," the proceeding against him was "quasi-criminal." Steinberg had before been held in contempt and received jail time. The trial court entered a show cause order against Steinberg on September 8, 1993. On September 11, Steinberg was personally served with the order and notice that the hearing would be held on September 21, 1993. The order stated that Steinberg should show cause why he should not be fined or imprisoned, or both, for his alleged failure to comply with the court's order.

Prior to the hearing, Steinberg, who was representing himself, filed several pleadings with the court requesting a change of venue and a jury trial. He challenged the jurisdiction of the court, alleged the court was biased against him, and stated he was not waiving any rights. These motions were denied.

The judge then determined that the matter was "in the nature of a criminal contempt" and made the Commonwealth a party. Although Shumaker's counsel questioned the court's ruling and the necessity of joining the Commonwealth in the case, Steinberg raised no objection to the court's ruling to proceed with the case as one for criminal contempt. In denying the motion for a jury trial, the judge ruled that because the matter would be treated as petty contempt and any punishment imposed would not

exceed six months Steinberg was not entitled to a jury trial. Powell v. Ward, 15 Va. App. 553, 425 S.E.2d 539 (1993). The jury trial question was not raised on appeal.

The court then discussed with Steinberg whether he wanted to be represented by an attorney. Steinberg told the court that he could not afford an attorney but did not "relinquish" his right to an attorney. When Steinberg asked whether the state would provide him with an attorney, the trial judge questioned him about his financial situation. Steinberg testified that he worked forty hours a week but received no income, except for approximately $300 a month from a company in California. Steinberg also testified that he had approximately $65,000 in equity in his home, $2,500 in equity from another account, and retained earnings of approximately $28,000 due from his company.[1] The court determined that Steinberg was not indigent and had "many assets" and available funds from which he could retain counsel if he chose. After the Commonwealth's attorney further questioned Steinberg about his finances, the judge reiterated his ruling that Steinberg was not indigent and, therefore, was not entitled to court-appointed counsel.

The court then asked Steinberg if he was ready to proceed. Steinberg stated that he was prepared. At the close of the evidence, the court held Steinberg in contempt and sentenced him

---

[1] Steinberg is the sole shareholder and officer of his corporation. During oral argument before this Court, Steinberg conceded that he also owned an automobile through his corporation.

to sixty days in jail.  Steinberg objected to the imposition of the jail sentence because he had not been represented by counsel.  The judge told him that he had waived his right to counsel after the court had determined that he was not indigent and was not entitled to court-appointed counsel.

## I. Criminal Contempt Procedures

Unlike a proceeding for civil contempt, which "is remedial and for the benefit of the injured party," Small v. Commonwealth, 12 Va. App. 314, 317, 398 S.E.2d 98, 100 (1990), the focus of a proceeding for a criminal contempt is to enforce the dignity of the court itself.

> The power to punish for contempt is inherent in, and as ancient as, courts themselves.  It is essential to the proper administration of the law, to enable courts to enforce their orders, judgments and decrees.

Carter v. Commonwealth, 2 Va. App. 392, 395, 345 S.E.2d 5, 7 (1986).

Steinberg alleges, however, that the trial court did not follow proper procedures because he was not given notice, nor was he indicted or arraigned.  We hold that under the circumstances of this case, where Steinberg was served with a show cause order specifically setting forth the details of his alleged offense and where the record plainly establishes that he had knowledge prior to the hearing that the case was being tried as a criminal contempt, the notice requirements for due process purposes were satisfied and Steinberg did not have to be indicted or arraigned.

In United States v. United Mine Workers, 330 U.S. 258

(1947), the United States Supreme Court was asked to reverse a finding of both criminal and civil contempt where the contempt proceeding carried the name and number of the underlying equity suit. The Court indicated that although the criminal and civil contempt matters were tried together, prejudice was avoided so long as "the defendants were . . . accorded all the rights and privileges owing to defendants in criminal contempt cases." Id. at 298.

The record in this case refutes Steinberg's claim concerning notice and establishes that he was accorded all the rights and privileges owed to him. In response to Shumaker's motion charging him with contempt, Steinberg filed a responsive pleading requesting a jury trial because of the "quasi-criminal" nature of the case. Steinberg was served personally with the show cause order and notice of the hearing. The purpose of such an order is to provide a party with notice. Board of Supervisors v. Bazile, 195 Va. 739, 746, 80 S.E.2d 566, 571 (1954). Steinberg was aware of the charges and potential scope of punishment, as demonstrated by his filings with the court of various documents relating to the jurisdiction and imprisonment. His actions clearly establish that he had adequate notice of the nature of the charges against him. See Boggs v. Commonwealth, 229 Va. 501, 519, 331 S.E.2d 407, 420 (1985), cert. denied, 475 U.S. 1031 (1986) (defendant implicitly acknowledged fair notice of capital murder charge when he moved to quash indictment at pretrial hearing challenging facial constitutionality of capital statutes).

- 5 -

Moreover, the trial court informed Steinberg that the case would be tried as criminal contempt as soon as the court made that determination, which was before opening statements were made or evidence was presented. Specifically, the court stated:

I think the show cause is one, in my mind, that sounds in the nature of a criminal contempt show cause, and that is the way that I'm going to handle the matter. And by doing that, I am going to join the Commonwealth as a party to this matter in this show cause hearing today, and by doing that, Mr. Kizer, would you handle the matter on behalf of the Commonwealth?

In Powell v. Ward, 15 Va. App. 553, 425 S.E.2d 539 (1993), we reversed a contempt conviction because the trial court did not adequately articulate the nature of the proceedings at the commencement of the hearing. We noted that "the parties were surprised to learn at the close of evidence that the trial court had converted the civil contempt hearing into a criminal trial. We conclude that the appellants were substantially prejudiced by the lack of notice that they were being tried for criminal contempt." Id. at 560, 425 S.E.2d at 554 (emphasis added). Here, Steinberg did not request a continuance, and he has not shown that his defense was compromised by any lack of notice. Thus, because Steinberg received adequate notice and had an adequate opportunity to prepare his defense, and because he personally appeared and fully presented his defense, his due process challenge to the contempt conviction must fail.

II. Waiver of Right to Counsel

The Commonwealth has the burden of proving a waiver of the right to counsel by clear, precise, and unequivocal evidence.

"Whether a waiver is voluntary and competent depends upon the particular circumstances of each case, including the defendant's background, experience, and conduct." Church v. Commonwealth, 230 Va. 208, 215, 335 S.E.2d 823, 828 (1985). In testing the sufficiency of the defendant's waiver of his right to counsel, our primary inquiry "is not whether any particular ritual has been followed in advising the defendant of his rights and accepting his waiver, but simply whether the procedures followed were adequate to establish `an intentional relinquishment of the right to counsel, known and understood by the accused.'" Kinard v. Commonwealth, 16 Va. App. 524, 527, 431 S.E.2d 84, 86 (1993) (citations omitted). The Supreme Court "has never held that the absence of such a cautionary instruction, standing alone, defeats a waiver." Superintendent v. Barnes, 221 Va. 780, 784, 273 S.E.2d 558, 561 (1981).

> Because a defendant's assertion of his right to counsel may conflict with the government's right to an orderly and expeditious prosecution, trial courts are often faced with the dilemma of choosing between these competing interests. Under certain circumstances, the trial court is entitled to conclude that the defendant has actually waived his right to counsel and thus can require that the defendant stand trial without the assistance of counsel.

Bolden v. Commonwealth, 11 Va. App. 187, 190-91, 397 S.E.2d 534, 536 (1990), cert. denied, 520 U.S. 943 (1991).

Here, the trial court, after careful inquiry, correctly concluded that Steinberg had waived his right to counsel. The court noted that while Steinberg had before been represented by counsel, he also represented himself on "many occasions." In

light of Steinberg's past court appearances and his memoranda filed with the court, the court told Steinberg that while Steinberg was "certainly familiar with the proceedings and the law," he was nevertheless entitled to have an attorney if he so chose. When Steinberg replied that he was unable to afford an attorney and asked if the state was willing to provide one, the court proceeded to determine whether Steinberg was indigent. After a thorough examination by the court and the Commonwealth's attorney, the court found that Steinberg had "many assets" and available funds from which he could hire an attorney, and, thus, was not entitled to a court-appointed counsel. Steinberg did not contest the court's ruling and did not request a continuance so that he might retain an attorney.

This is not an instance where a waiver is presumed from a silent record. Cf. Sargent v. Commonwealth, 5 Va. App. 143, 149, 360 S.E.2d 895, 899 (1987). Here, the record shows that Steinberg affirmatively elected to go forward without the assistance of counsel. Although Steinberg stated that he was not waiving his right to counsel, he acquiesced in the court's decision to go forward with the contempt proceeding after having been advised of his right to counsel. By his acquiescence, Steinberg waived the right to counsel. "He cannot approbate and reprobate -- invite error and then take advantage of his own wrong." Sullivan v. Commonwealth, 157 Va. 867, 878, 161 S.E. 297, 300 (1931). Lastly, Steinberg's legal experience and his demonstrated skill in these proceedings belie any claim now that

he did not understand the dangers of self-representation.  See

O'Dell v. Commonwealth, 234 Va. 672, 689, 364 S.E.2d 491, 501,

cert. denied, 488 U.S. 871 (1988).

Affirmed.