COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


SA'AD EL-AMIN
                                        MEMORANDUM OPINION[*]
v.   Record No. 1583-96-2                    PER CURIAM
                                          JUNE 10, 1997
CAROLYN GAUTIER-ADAMS


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     James B. Wilkinson, Judge

            (Sa'ad El-Amin, pro se, on brief).

            No brief for appellee.


     Sa'ad El-Amin (father) appeals the decision of the circuit

court calculating the amount of child support due to Carolyn

Gautier-Adams (mother) and deciding other issues.  Father

contends that the trial court (1) abused its discretion by not

recalculating support as of September 10, 1992, the date father

filed his original petition to reduce child support; (2) violated

his right to due process by finding him in contempt in the

absence of service of a rule to show cause; (3) erred in holding

him in contempt for his failure to pay mother the amount awarded

as equitable distribution; and (4) abused its discretion by

vacating, then reinstating, its August 18, 1995 order.  Upon

reviewing the record and father's opening brief, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.
_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## Child Support

Under Code § 20-108, the trial court may modify child support "with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given . . . ." Contrary to father's contention, the court is not required to retroactively modify child support to the date notice of the petition was given. "Whether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court." O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992). We find no abuse of discretion in the court's decision to modify child support as of April 30, 1993 rather than September 10, 1992.

## Due Process

The record reflects that mother served several notices on father, which were accompanied by Petitions for Rule to Show Cause, raising the issues that were addressed at the May 28, 1996 hearing. We find that the notices sufficiently detailed the allegations which formed the basis of the contempt finding against father. Moreover, the transcript clearly reflects father's understanding of the issues raised before the court. See Steinberg v. Steinberg, 21 Va. App. 42, 46-47, 461 S.E.2d 421, 423 (1995). Therefore, we find no deprivation of father's rights to due process.

## Equitable Distribution

Under Code § 18.2-456, a court may find a party in contempt of court for "[d]isobedience or resistance . . . to any lawful process, judgment, decree or order of the court." "The power to punish for contempt is inherent in, and as ancient as, courts themselves. It is essential to the proper administration of the law, to enable courts to enforce their orders, judgments and decrees." Carter v. Commonwealth, 2 Va. App. 392, 395, 345 S.E.2d 5, 7 (1986).

The transcript of the May 28, 1996 hearing and the order entered pursuant to that hearing demonstrate that the court found father in contempt on several grounds, including his failure to pay spousal and child support. In its order, the court found that he failed to provide mother with title to a car as previously ordered, failed to pay the equitable distribution award on which he owed $224,532.37, and failed to pay spousal and child support in the total amount of $82,820.51.

On appeal, father argues that the court could not find him in contempt on the outstanding equitable distribution award because that was a money judgment. The record demonstrates that the court's finding of contempt was grounded on more than the equitable distribution award. Unquestionably, the court had authority to find father guilty of criminal contempt for nonpayment of support and failing to comply with the other previously entered court orders. See, e.g., Steinberg, 21 Va.

App. at 46-47, 461 S.E.2d at 423. Therefore, father has not demonstrated reversible error.

## Vacated Order

Husband contends that the trial court abused its discretion by initially vacating, then reinstating, its order of August 18, 1995. When the court entered its order dated October 13, 1995, that order provided that "[t]he Court hereby vacates its order of August 18, 1995 entered herein, and it shall be held in the balance, said order to be reinstated in the event that the agreement is terminated." The evidence presented at the May 28, 1996 hearing established that father had failed to honor the terms of the agreement. The court therefore reinstated the original order of August 18, 1995. We find no abuse of discretion in the court's reinstatement of the order which was conditioned on the parties' implementation of their agreement.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

4