COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


MURRAY L. STEINBERG

v.    Record No. 0525-00-2

KATHERINE T. STEINBERG, N/K/A
 KATHERINE T. SHUMAKER                MEMORANDUM OPINION*
                                        PER CURIAM
MURRAY L. STEINBERG                    AUGUST 8, 2000

v.    Record No. 0602-00-2

KATHERINE T. STEINBERG, N/K/A
 KATHERINE T. SHUMAKER


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

             (Murray L. Steinberg, pro se, on briefs).

             (Murray J. Janus; Bremner, Janus, Cook &
             Marcus, on brief), for appellee.


        Murray L. Steinberg appeals the decision of the circuit court

denying his motions to change venue and for modification of

custody, visitation and child support.  Steinberg raises twelve

issues on appeal, which we address seriatim below.  Upon reviewing

the record and briefs of the parties, we conclude that these

appeals are without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Background

These consolidated cases are the latest in an extensive
series of appeals filed by Steinberg arising from his divorce from
Katherine T. Shumaker and the resulting custody, visitation and
support issues.[1]  The current dispute arose when Steinberg filed a
motion to reinstate and a motion seeking a change of venue on
April 14, 1999.  In an opinion letter, the trial court indicated
that it would deny the motion to change venue.  The trial court
entered an order incorporating its opinion letter on March 13,
2000.  On May 10, 1999, Steinberg filed a second motion to
reinstate and a motion for a modification of support, custody and
visitation.  By order entered August 2, 1999, the trial court
denied the motion for modification.  On the same day, Steinberg
filed a motion to vacate, arguing that there was no compelling
state interest and that the court lacked subject matter
jurisdiction.  Steinberg also filed a subpoena duces tecum,
seeking records related to the legal fees the trial court ordered
him to pay Shumaker, a motion seeking verification of child care

---

[1] Steinberg v. Steinberg, Nos. 1839-91-2, 2036-91-2,
2172-91-2 (Va. Ct. App. Feb. 9, 1993); Steinberg v. Steinberg,
Nos. 0534-92-2, 1678-92-2 (Va. Ct. App. June 15, 1993);
Steinberg v. Steinberg, No. 0971-92-2 (Va. Ct. App. Dec. 7,
1993); Steinberg v. Steinberg, 21 Va. App. 42, 461 S.E.2d 421
(1995) (Record No. 2111-93-2); Steinberg v. Steinberg, No.
0874-95-2 (Va. Ct. App. Mar. 21, 1996); Steinberg v. Steinberg,
No. 1064-95-2 (Va. Ct. App. Jan. 30, 1996); Steinberg v.
Steinberg, No. 2315-95-2 (Va. Ct. App. June 18, 1996); and
Steinberg v. Steinberg, No. 2557-96-2 (Va. Ct. App. July 15,
1997).

costs, and a motion for mediation.  The trial court granted Shumaker's motion to quash the subpoena regarding her attorney's records, granted her motion to quash a subsequent subpoena duces tecum directed to Shumaker's employer, and denied Steinberg's motions to dismiss for lack of jurisdiction, to reconsider, and to set aside all previous orders for lack of compelling state interest.  On March 13, 2000, the trial court entered an additional order denying Steinberg's motions to vacate all previous orders for lack of subject matter jurisdiction, lack of compelling state interest and alleged fraud on the court by Shumaker and her counsel.

By notice filed January 6, 2000, Shumaker indicated she would seek to have Steinberg found in contempt for his failure to pay $405 as his share of the child's 1997 orthodontist expenses.

The trial court held an ore tenus hearing on January 18, 2000, at which both parties presented evidence.  The trial court subsequently denied Steinberg's motion to modify visitation, custody and support by order entered February 8, 2000.  While Steinberg filed a motion seeking a stay of execution on the ground that he had been found to be indigent in the past, the trial court denied the requested stay of execution.[2]  Steinberg appealed.

_____

    [2] On July 13, 2000, Steinberg filed with this Court a motion seeking a stay of execution of the trial court's order requiring him to pay attorney's fees and costs.  We deny that motion.

-

## Analysis

### I.  Lack of a Hearing

Steinberg contends that the trial court erred by failing to hold an evidentiary hearing prior to ruling on several of his motions, including the motions to change venue and challenging subject matter jurisdiction.  We find no error.

Whether to receive evidence is a matter left to the discretion of the trial court, whose decision will not be reversed in the absence of an abuse of that discretion.  The motions were decided by a judge who was familiar with the parties and the issues, and who had conducted numerous hearings throughout the extended litigation.  Steinberg's allegations of fraud and lack of subject matter jurisdiction were repetitious and duplicative of previous motions heard and rejected by the trial court.  His challenge to the lack of compelling state interest was based upon questions of law, not fact.  His motion to change venue was based upon the single factual allegation of the parties' relocation.  In light of Shumaker's objection to the motion, and the court's extensive experience with the parties, we cannot say that the trial court's decision to deny that motion without receiving evidence was an abuse of discretion.  We therefore find no abuse of discretion in the trial court's decision not to hold evidentiary hearings on these motions.

-

## II.  Motion to Change Venue

Steinberg filed a motion to change venue based upon the fact that the parties and the child now resided in Hanover County. Steinberg alleged that it was therefore in the child's best interest for this matter to be transferred to Hanover County.  The trial court denied this motion on the ground that both parties did not agree to the change of venue.  We find no error.

The parties have a lengthy history of litigation in the courts of Henrico County.  While both parents now reside in Hanover County, that fact alone did not require the trial court to grant Steinberg's motion to change venue.  "Whether to grant such a motion is within the discretion of the trial court, and the trial court's denial of the motion will not be reversed absent an abuse of that discretion."  Virginia Elec. & Power Co. v. Dungee, 258 Va. 235, 245, 520 S.E.2d 164, 170 (1999).  Nothing in the record supports Steinberg's bare contention that a transfer of venue was in the child's best interests.  We find no abuse of discretion in the trial court's decision to retain the matter in the Circuit Court of Henrico County.

## III.  Ex parte Communication

Steinberg further contends that the trial judge engaged in an improper ex parte communication with Shumaker.  In his opinion letter denying Steinberg's motion to change venue, the trial judge stated:

-

> I have received your motion and order
> with regard to a change of venue. It is my
> practice not to order a transfer unless both
> parties agree.
>
> I understand that Ms. Katherine
> Steinberg objects to the change. Therefore
> I will not order a change in venue.

Steinberg presented no evidence that the trial judge had any direct communication with Shumaker or her counsel. Moreover, the bar against ex parte communication "arises only when 'an ex parte communication relates to some aspect of the [trial].'" Ellis v. Commonwealth, 227 Va. 419, 423, 317 S.E.2d 479, 481 (1984) (holding that the trial judge did not participate in an improper ex parte communication when he interviewed a juror in chambers without notifying the defendant). Here, assuming arguendo that the record proved that the trial judge spoke with Shumaker or her counsel, the challenged communication was at most administrative in nature, relating solely to whether the motion to change venue was opposed. Steinberg has failed to demonstrate any improper ex parte communication between the trial judge and Shumaker.

### IV. Lack of Subject Matter Jurisdiction

The question of the trial court's jurisdiction to hear this case has been raised and addressed before. See, e.g., Steinberg v. Steinberg, No. 2557-96-2 (Va. Ct. App. July 15, 1997). We therefore do not address this question further.

-

## V.  Lack of Compelling State Interest

Steinberg contends "[n]o court has ever determined that the state has a compelling interest in the instant case," and argues that the trial court erred by acting without a compelling state interest.  This contention lacks merit.  The parties were properly before the circuit court, which had jurisdiction to resolve issues of child support, custody and visitation.  See, e.g., Code § 20-107.2.  The case cited by Steinberg, Williams v. Williams, 256 Va. 19, 501 S.E.2d 417 (1998), which arose in the context of grandparents seeking visitation against the wishes of the parents, is inapposite to the facts in this case and inapplicable to the analysis of any pending issues.

## VI.  Imputation of Income

As the party seeking to modify child support, Steinberg bore the burden to prove that there had been a material change in circumstances warranting a reduction in child support.  "Once a child support award has been entered, only a showing of a material change in circumstances will justify modification of the support award.  The moving party has the burden of proving a material change by a preponderance of the evidence." Crabtree v. Crabtree, 17 Va. App. 81, 88, 435 S.E.2d 883, 888 (1993).  The trial court imputed $30,000 in income to Steinberg in its 1993 order of support.  Because the trial court previously had ruled on the question of imputation of income in the context of child support, the burden to demonstrate a change in circumstances underlying the

-

court's existing decision, including evidence that imputation of income was no longer appropriate, fell to Steinberg.

Steinberg based his motion on a reduction in his income. He denied that he had more than $1,000 in annual income in 1999, although he admitted that he and his new wife moved into a new home which she purchased for approximately $270,000; that they regularly took the child on trips to Florida; that their vacations and "educational, fun trips" with the child included trips to Disney World, MGM, Epcot, Universal Studios, Mexico, San Francisco, Los Angeles, Hollywood, New York City, Daytona Beach and Alexander Springs; and that they took the child to baseball games and amusement parks. The trial court did not err when it required Steinberg to bear the burden of presenting evidence why the trial court should no longer impute income to him.

## VII. Failing to Recalculate Child Support

Steinberg contends that the trial court failed to consider all current evidence when ruling on his motion to modify child support. This contention is without merit. The inquiry into the modification of child support focused on Steinberg's alleged reduction in income, the sole ground on which he based his motion. The trial court was not required to examine other statutory factors that were not at issue. The burden of proof remained on Steinberg as the party seeking to modify an existing child support order. The trial court found that Steinberg

-

failed to prove a material change in circumstances warranting a modification, and its decision is supported by evidence.

### VIII.  Failing to Follow Statutory Requirements

Steinberg contends that the trial court failed to consider all the statutory factors set out in Code § 20-124.3 when it ruled that he failed to prove a material change in circumstances warranted a change in custody.  We disagree.

As the party seeking to modify the existing custody order, Steinberg bore the burden to prove "'(1) whether there has been a [material] change in circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child.'"  Wilson v. Wilson, 18 Va. App. 193, 195, 442 S.E.2d 694, 696 (1994) (quoting Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986)).  "In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling considerations.'"  Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted).  The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it.  See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

Steinberg bore the burden to present evidence to the trial court demonstrating that a material change in circumstances

-

warranted a change in custody and that the change was in the child's best interests. The trial court's order specifically states that it considered all the statutory factors. The trial court found that the child continues to do well under the current custody and visitation arrangement. Evidence supports the trial court's decision. We find no error in the trial court's decision to deny Steinberg's motion to change custody.

## IX. Failing to Communicate the Basis of the Decision

Steinberg contends that the trial court failed to communicate the basis of its decision denying his motion to modify custody and visitation. This contention is not supported by the record. The trial court expressed the basis for its decision in its opinion letter to the parties dated January 24, 2000.

## X. Discovery Violations

Steinberg contends that the trial court allowed Shumaker access to irrelevant materials, including the costs and dates of his trips with the child, but denied him access to information relevant to his pending motions. Decisions relating to discovery generally rest "within the trial court's discretion and will be reversed only if the action taken was improvident and affected substantial rights." Rakes v. Fulcher, 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970). There must be demonstrable prejudice for a reviewing court to find an abuse of discretion. See id.

-

As the party seeking a decrease in his child support payment based upon reduced income, Steinberg placed his income, assets, and other financial resources as an issue before the court. We find no error in the trial court's order requiring Steinberg to disclose information relating to certain expenditures, housing, loans, and income.

Our review of the challenged discovery decisions by the trial court demonstrates that the trial court granted Shumaker's motions to quash Steinberg's requests for information that was not relevant to his petition for a modification. Because Steinberg's petition was based upon changes in his circumstances, information concerning Shumaker's income and expenses were not relevant.

The trial court denied Steinberg's motion to compel production of records of Shumaker's counsel, including fee arrangements with other clients. Steinberg sought the records to support his repeated allegations of fraud by counsel. "Typically, the attorney-client privilege does not extend to billing records and expense reports." Chaudhry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir. 1999). "'However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege.'" Id. (quoting Clarke v. American Commerce National

-

Bank, 974 F.2d 127, 129 (9th Cir. 1992)).  The trial court found no evidence to support Steinberg's allegations of fraud in the past.  Evidence gathered at the January 18, 2000 hearing also refuted Steinberg's claim that Shumaker and her counsel were perpetrating a fraud.  We therefore find no abuse of discretion in the denial of this motion to compel.

Steinberg does not allege any prejudice resulted from the trial court's denial of his interrogatories relating to Shumaker's activities with the child or her propensity to support his relationship.  Steinberg obtained answers through requests for admissions and cross-examination of Shumaker during the hearing.

Therefore, in sum, we find no abuse of discretion on the part of the trial court in its handling of the parties' discovery.

## XI.  Ruling on Orthodontist Expenses and Failing to Rule on Other Motions

Steinberg contends that the trial court erred when it ordered him to pay $405 as his share of a 1997 orthodontic bill because there was no motion attached to Shumaker's notice that she would move for payment of the outstanding debt at the scheduled hearing.  Shumaker testified that she provided Steinberg with a copy of the bill previously and that a copy was sent to Steinberg with the notice.  Steinberg had an ongoing obligation to pay 36% of the cost of extraordinary medical and

-

dental expenses.  We find no error in the trial court's order requiring Steinberg to pay an amount previously due and owing.

While Steinberg also lists a number of motions which he claims were never ruled on, our review of the record demonstrates that the trial court responded to all timely-filed motions.  Moreover, this contention is frivolous.  Steinberg argues that the trial court failed to respond to his Motion for Modification of Child Support, apparently refusing to view the trial court's order of February 8, 2000, denying "Petitioner's Motion to reduce child support" as a dispositive ruling on his motion.  The trial court's failure, if any, to rule on any of Steinberg's duplicate and repetitive filings seeking multiple reconsiderations of the same issues, is not reversible error.

## XII.  Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  "'Although evidence of time expended by counsel and the charges made to the client is the preferred basis upon which a trial judge can formulate a reasonable award, it is not the only basis.'"  Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989) (quoting McGinnis v. McGinnis, 1 Va. App. 272, 277, 338

-

S.E.2d 159, 162 (1985)).  While Steinberg contends that Shumaker is responsible for this litigation, the record does not support that contention.  Moreover, evidence supports the amount of the trial court's award.  Therefore, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

In addition, Shumaker moves this Court for attorney's fees and costs related to these appeals.  We grant the motion, and remand the matter to the trial court with instructions to determine and enter an appropriate order.

Accordingly, the decision of the circuit court is summarily affirmed, and the matter is remanded to the trial court to enter an award relating to appellate attorney's fees.

<u>Affirmed and remanded.</u>