122

# CIRCUIT COURT OF FAUQUIER COUNTY

Joan L. Cavanna

v.

Anthony J. Cavanna

September 19, 2008

Case No. CL05CH0152-01

BY JUDGE JEFFREY W. PARKER

On Motions Day, September 16th, 2008, counsel approached the Bench and tendered to the Court an Amended Verified Petition with an accompanying Rule to Show Cause. Perceptively, counsel inquired how this allegation of contempt would be treated by the Court, in light of the new allegation suggesting that Mrs. Cavanna had conveyed certain real estate to a third party in violation of the Final Decree of Divorce. Specifically, the concern was that, if this matter was to be viewed as criminal, as opposed to civil contempt, then due process would require an alternative procedure to be undertaken.

Upon consideration and review of the file, this Court has concluded that, should the allegations prove correct, then Mrs. Cavanna could be held in criminal contempt for her actions. This is based upon the presumption that she would be unable to rectify the violation by conveying the real estate to the trust. When this fact is coupled with the unique character associated with real estate, monetary damages would not suffice to repair the harm and hence she would not be in a position to fully purge her contempt.

The Court further observed in its review that, prior to the divorce adjudication, Mrs. Cavanna valued this property at $419,000.00. Considering that her half would be worth approximately $210,000.00, by her estimate, the Court believes that these actions rise beyond the level of petty contempt and thus she could face a potential sentence in excess of six months.

Therefore, consistent with *Steinberg v. Steinberg*, 21 Va. App. 42, 461 S.E.2d 421 (1995), and *Powell v. Ward*, 15 Va. App. 553, 425 S.E.2d 539 (1993), the Court refers this matter to the Commonwealth's Attorney for prosecution and will take the other appropriate procedural steps required at the next hearing currently scheduled for April 6, 2009, at 9:30 a.m. Mr. Gulick has indicated he would accept service on behalf of Mrs. Cavanna, and, as a result, the Court will anticipate her appearance as scheduled. Should the Commonwealth be unable to appear at this time, the Court will continue these matters as necessary.