COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


JAYNE HERREL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1670-09-3            JUDGE RANDOLPH A. BEALES
                                                         MAY 11, 2010
TIMOTHY J. HERREL[1]


                FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                              Thomas J. Wilson, IV, Judge


              D. Eric Wiseley (Wiseley McDonald Wiselely, PLC, on briefs), for
              appellant.

              Laura A. Thornton (Laura A. Thornton, PLC, on brief), for Dawn
              Wine Ruple.


        Jayne Griggs (wife), formerly Jayne Herrel, appeals the circuit court's order dismissing her

motion for an order to show cause, motion for costs, and motion for sanctions filed against Dawn

Wine Ruple.  Ruple represented wife's ex-husband, Timothy Herrel (husband), during divorce

proceedings over a decade ago in the circuit court.  The circuit court ruled that it was without

authority to grant wife the relief she sought in these motions because Ruple was no longer

husband's counsel of record and was not a proper defendant to wife's motions.  For the following

reasons, we affirm the circuit court's order.


_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Timothy Herrel is listed as a party in this proceeding because the style of the underlying
divorce proceeding has been retained.  However, no relief was expressly sought from him below,
and he did not file a brief on appeal to this Court as appellee.

BACKGROUND

The record below establishes that, in February 1997, the circuit court awarded wife a share of husband's pensions, including his pension with American Safety Razor (ASR). The circuit court's order provided that "Counsel for Defendant" – at that time, Ruple – "shall prepare" all necessary Qualified Domestic Relations Orders (QDRO). However, a QDRO for husband's ASR pension was never actually completed and entered until 2009, when it was finally done at wife's expense. By that time, wife had hired an attorney to research the status of the ASR pension QDRO and had hired a Certified Public Accountant to prepare it. Wife contends that Ruple is liable to her for these expenses related to researching, preparing, and entering the QDRO because, wife claims, Ruple remained husband's counsel of record under Rule 1:5.

ANALYSIS

A party's "[c]ounsel of record shall not withdraw from a case except by leave of court after notice to the client of the time and place of a motion for leave to withdraw." Rule 1:5. Ruple claims that husband discharged her as his attorney in 2000, although she acknowledges that she neither filed a formal motion to withdraw in the circuit court nor received leave of court to withdraw from the representation. However, Ruple argues that the circuit court's own orders denoting husband as a *pro se* litigant in previous actions before the court reflected that she no longer was husband's counsel of record – regardless of the requirements of Rule 1:5.

Even assuming without deciding that Ruple has remained husband's counsel of record pursuant to Rule 1:5, the circuit court correctly determined that it was without authority to award wife the relief she sought from Ruple.[2] In her motion for an order to show cause, wife sought

---

[2] Wife argues that husband was not afforded proper notice of the proceedings in the circuit court, including the issue of whether Ruple remained husband's counsel of record. However, the record indicates that husband was aware of wife's motions against Ruple and even wrote the circuit court concerning this litigation.

"reimbursement" from Ruple "for all expenses relating to the entry of the QDRO, including the expenses incurred over the past twelve years by the Plaintiff in her attempt to determine if a QDRO had been entered." In her motion for costs, filed the same day, wife sought an order directing Ruple "to remit to the Plaintiff the expenses and fees incurred with respect to" wife's efforts to enter the ASR pension QDRO. Therefore, what wife requested were sanctions against Ruple, husband's counsel – a conclusion reinforced by wife's subsequent motion for sanctions, which again requested that she be awarded "costs, expenses and fees" as relief.

"All *litigants* . . . are required to comply with court orders and their failure to do so subjects them to the sanction powers of the court." Parish v. Spaulding, 257 Va. 357, 363, 513 S.E.2d 391, 394 (1999) (emphasis added). A court's ability to punish a litigant for noncompliance with its orders is "essential to the proper administration of the law, to enable courts to enforce their orders, judgments and decrees." Steinberg v. Steinberg, 21 Va. App. 42, 46, 461 S.E.2d 421, 423 (1995). "Courts often impose sanctions when a *litigant* . . . has acted in bad faith." Gentry v. Toyota Motor Corp., 252 Va. 30, 34, 471 S.E.2d 485, 488 (1996) (emphasis added).

Here, husband was the *litigant* – not Ruple, who was his attorney but not a party in the case herself. Consequently, husband was the proper party to respond to wife's motions alleging noncompliance with the circuit court's order entered in February 1997. See Steinberg, 21 Va. App. at 46, 461 S.E.2d at 423. In short, simply because Ruple was husband's *counsel* does not mean that she was in any way a party to the divorce and equitable distribution proceedings herself.

In Nusbaum v. Berlin, 273 Va. 385, 641 S.E.2d 494 (2007), the Supreme Court of Virginia held:

> In the absence of authority granted by a statute, such as Code § 8.01-271.1, or a rule of court, such as Rule 4:12, . . . a trial

court's inherent power to supervise the conduct of attorneys practicing before it and to discipline an attorney who engages in misconduct does not include the power to impose as a sanction an award of attorneys' fees and costs to the opposing parties.

Id. at 400-01, 641 S.E.2d at 502. Neither Code § 8.01-271.1, which authorizes as a sanction the award of attorney's fees and costs based on the contents of pleadings, nor Rule 4:12, which authorizes the award based on violation of discovery orders, was applicable here.

The circuit court otherwise lacked "inherent authority" to impose as a sanction against Ruple the awarding of attorney's fees and costs that wife requested here. McNally v. Rey, 275 Va. 475, 480, 659 S.E.2d 279, 283 (2008). Therefore, while the circuit court was careful to state that it did not condone the failure to complete the QDRO in compliance with the February 1997 order and that its ruling did "not in any way adjudicate" any other claims or obligations arising from this matter, the circuit court did not err in dismissing wife's motions filed against Ruple.

## CONCLUSION

Accordingly, for the foregoing reasons, we affirm the circuit court's order.[3]

Affirmed.

---

[3] Ruple seeks an award of her attorney's fees on appeal. After review of the record, see O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996), we decline to award attorney's fees on appeal.

- 4 -