JUSTICE COMPTON
delivered the opinion of the Court.
This is a dispute between the parents of a child in an intact family unit and the child’s paternal grandparents over the grandparents’ right of visitation with the child.
Appellees Thomas O. Williams, IV, and Sarah Hasty Williams, husband and wife who reside together, are the natural parents of a daughter bom on March 9, 1991. Appellants Thomas O. Williams, III, and Frances S. Williams are the child’s paternal grandparents, who reside near the parents in Blacksburg.
The child’s family is intact. There is no evidence of parental abuse or neglect. The parents are respected members of the community in which they live. They are mentally, physically, and morally fit, and are capable of meeting their daughter’s financial, educational, moral, and social needs.
The parents and grandparents maintained regular contact until February 1994 when the parents announced to the grandparents, after consulting with a North Carolina “counselor,” that they were “detaching” or withdrawing from the relationship which previously existed with the grandparents.
Eventually, the grandparents filed a petition seeking visitation with their granddaughter. The Montgomery County Juvenile and *21 Domestic Relations District Court and, on appeal, the Circuit Court of Montgomery County ordered visitation.
The circuit court decided that the child would “benefit from contact with her grandparents”; that such visitation would not interfere with the child’s health or emotional development; that such visitation “is a minimal intrusion into the family unit”; that the grandparents “obviously love” the child and “have the ability to adequately care for her”; and that the child’s best interests would be served by having visitation with her grandparents.
On appeal to the Court of Appeals, the parents asserted that Code § 20-124.2(B), as it pertains to nonparent visitation, interferes with their right to autonomy in child rearing and, hence, violates the Fourteenth Amendment to the United States Constitution. The statute permits grandparents, and others, to seek visitation.
As pertinent here, the statute provides: “The court shall give due regard to the primacy of the parent-child relationship but may upon a showing by clear and convincing evidence that the best interest of the child would be served thereby award custody or visitation to any other person with a legitimate interest.” Code § 20-124.1 provides that the term “person with a legitimate interest” is to be “broadly construed and includes, but is not limited to grandparents, stepparents, former stepparents, blood relatives and family members.”
The Court of Appeals held there is no constitutional problem in the applicable statutes. In so ruling, the appellate court concluded that the right of parents in raising their child is a fundamental right protected by the Fourteenth Amendment. Williams v. Williams, 24 Va. App. 778, 783, 485 S.E.2d 651, 654 (1997). The Court of Appeals further decided that state interference with a fundamental right must be justified by a compelling state interest, and that to constitute a compelling interest, “state interference with a parent’s right to raise his or her child must be for the purpose of protecting the child’s health or welfare.” Id.
The Court of Appeals then interpreted Code § 20-124.2(B) to permit the state to interfere with the right of parents to raise their child by allowing a court to order nonparent visitation upon a showing by clear and convincing evidence that the best interests of the child would be served by such visitation. Id. at 784, 485 S.E.2d at 654. However, the Court of Appeals said that the language in the foregoing statute that a court “shall give due regard to the primacy of the parent-child relationship,” evinces the General Assembly’s intent to *22 require the court to find that a denial of nonparent visitation would be detrimental to the child’s welfare before die court may interfere with the constitutionally protected parental rights. Id.
In other words, the Court of Appeals said, “For the constitutional requirement to be satisfied, before visitation can be ordered over the objection of the child’s parents, a court must find an actual harm to the child’s health or welfare without such visitation.” Id. at 784-85, 485 S.E.2d at 654. A court reaches consideration of the “best interests” standard in determining visitation only after it finds harm if visitation is not ordered. Id. at 785, 485 S.E.2d at 654.
The Court of Appeals held that the circuit court failed to make the required finding of harm if visitation were denied, reversed the circuit court, and remanded the case for reconsideration of visitation in accord with the standard it set forth. Id.
We agree with the Court of Appeals’ discussion holding there is no constitutional infirmity in the applicable statutes and with that court’s interpretation, as we have summarized it, placed upon the statutes. We do not agree, however, that the case should be remanded to the circuit court; a remand is unnecessary. There is no allegation or proof that denial of grandparent visitation would be detrimental to this child’s welfare, and no further consideration of that issue at this stage of the proceeding is warranted.
Consequently, we will modify the Court of Appeals’ judgment to eliminate the requirement of a remand and will affirm the judgment as modified. In so doing, we will deny the grandparents’ petition for visitation and will dismiss the proceeding.

Modified, affirmed, and dismissed.