COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Kelsey
Argued at Alexandria, Virginia


LOIS O'LEARY

MEMORANDUM OPINION[*] BY
v.    Record No. 3187-02-2    JUDGE RUDOLPH BUMGARDNER, III
JULY 8, 2003
STEPHEN T. MOORE


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Michael C. Allen, Judge

W. Barry Montgomery (Kalbaugh, Pfund &
Messersmith, on brief), for appellant.

Graham C. Daniels (Todd M. Ritter; Daniels &
Morgan, on brief), for appellee.


Lois O'Leary appeals the denial of her petition for

visitation with her granddaughter.  The child's father and sole

surviving parent, Stephen T. Moore, objected to the petition.

The trial court found the father was a fit and loving parent and

no harm would arise from denying the petition.  Finding no

error, we affirm.

The child was born January 17, 1996 to unwed parents.  Her

mother died in November 1998, and her father has raised her

since then.  In June 2001, the maternal grandmother filed a

petition for visitation.  The father conceded the grandmother

had a valuable relationship with the child and supported its

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

continuation, but he opposed court-ordered visitation. The trial court relied on Williams v. Williams, 256 Va. 19, 501 S.E.2d 417 (1998), and denied the petition.

Parents have a fundamental right to determine how to raise their children, and we presume that fit parents act in their children's best interest. Troxel v. Granville, 530 U.S. 57, 65 (2000); Williams, 256 Va. at 21-22, 501 S.E.2d at 418. Courts may not interfere in the parent-child relationship by ordering visitation to a non-parent over the parent's objection absent a showing of "'actual harm to the child's health or welfare without such visitation.'" Williams, 256 Va. at 22, 501 S.E.2d at 418 (citation omitted).

The grandmother contends the trial court erred in applying Williams because the child's family unit was not intact. She maintains that Dotson v. Hylton, 29 Va. App. 635, 513 S.E.2d 901 (1999), created an exception to Williams when the family is not intact. She argues this family was not intact because her daughter died. Griffin v. Griffin, __ Va. App. ___, ___ S.E.2d ___ (June 17, 2003), rejected such an interpretation. In Dotson, one parent requested the non-parent visitation and the other parent objected. The courts had been involved in the child's life since the parents divorced three years earlier and the parents disagreed about the grandmother's visitation. 29 Va. App. at 639, 513 S.E.2d at 903.

In this case, one parent was deceased and the child's only surviving parent objected to court-ordered visitation. The family situation was the same as that in Troxel: the parents never married, and one was dead. In order to interfere with those parental rights, the trial court needed the compelling justification mandated in Troxel, 530 U.S. at 68-69, and defined in Williams. Having found the father a "fit, loving, and responsible parent" who "has exercised parental authority in an appropriate way," the trial court could only defer to the "fundamental right of parents to make decisions concerning the care, custody, and control of their children." 530 U.S. at 66. Accordingly, we affirm the trial court.

Affirmed.