COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and McClanahan
Argued at Salem, Virginia


DAPHNE BURKE RAMSEY, F/K/A
 DAPHNE M. CLEMENTS
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2988-02-3      JUDGE ELIZABETH A. McCLANAHAN
                                         JULY 22, 2003
ROBERT E. CLEMENTS


          FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                  Thomas H. Wood, Judge

          John C. Wirth (Victor M. Santos; Victor V.
          Ludwig; Nelson, McPherson, Summers &
          Santos, L.C., on brief), for appellant.

          No brief or argument for appellee.


     Daphne Burke Ramsey (mother) appeals the trial court's

decision denying her motion for a change in custody of her

daughter.  Custody had been granted to the child's father,

Robert E. Clements (father), through a separation agreement

incorporated into the parties' divorce decree.  Mother raises

two questions on appeal:  (1) whether the trial court erred in

refusing to apply the law applicable to custody disputes between

biological parents and a third party after finding that the

child was being raised "primarily" by her grandparents; and

(2) whether the trial court erred in its application of the law

_____
      [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

where one parent delegated custody of the child to a third party.  For the reasons that follow, we affirm the judgment of the trial court.

## I.  Background

The parties were married in 1994, and had one child together in 1995.  After separating and filing for divorce in April 1999, on May 26, 1999, in lieu of a custody hearing, the parents executed a separation agreement in which they agreed that father would have custody of the child.  On July 15, 1999, mother filed a motion to set aside the agreement, which the trial court denied.  The couple's divorce decree was entered in February 2000, and it ordered custody to the father.

On August 8, 2002, mother filed a motion seeking legal and primary physical custody of the child and child support on the grounds that there had been a material change in circumstances and that it would be in the best interests of the child.  On September 4, 2002, the trial court held a hearing on the motion, where mother appeared in person and by counsel, and father appeared pro se.  The record contains a written statement of the facts.

According to the statement of facts, father testified that the child resides with him but spends, on average, one-half of the time with her paternal grandparents.  He also testified that the couple lived, with the grandparents for the first year of the child's life and that the grandmother has provided daycare

- 2 -

for the child since birth. He stated that the grandmother had been retrieving the child from the school bus and that the child has a close relationship with her grandparents. The grandparents have been handling visitation between the child and her mother because father and mother have confrontations when they have contact. Father's current wife corroborated father's testimony that the child spends about one-half of her time with her grandparents. Father resides approximately five minutes away from grandparents.

Grandfather testified at hearing that the child spent every night with father until January 2002, when an incident occurred on the school bus that caused the child not to ride the school bus thereafter. Since that problem occurred, the child has been spending most school nights with her grandparents.

A private investigator employed by mother testified that on twenty occasions between February and September 2002 he conducted surveillance on the grandparents' dwelling and observed that in each instance the child spent the night with her grandparents. He also stated that his surveillance occurred during the school year, and did not include summer vacation.

Mother testified that she has remarried and has a child with her current husband. She introduced a school record that requires the child's custodian to initial that the child has completed each evening's home reading assignments. Father's

initials do not appear on the assignment record after January 22, 2002.

Every witness testified that the child is doing well overall. Further, she is performing well in school, is in good physical health and has no apparent emotional problems.

On October 15, 2002, the trial court entered an order denying mother's motion for a change in custody. The order stated,

> the Court, having considered the evidence
> and the statutory provisions . . . finds, by
> a preponderance of the evidence, that
> [child] is primarily being raised by her
> grandparents; that she is doing well with
> her grandparents and that the best interest
> of the child would be served by
> continuing the present arrangement . . . .

The order also expanded mother's visitation rights beyond those set forth in the parties' separation agreement. This appeal on custody followed.

## II. Analysis

A trial court may "revise and alter such decree concerning the care, custody and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the child may require." Code § 20-108; Wilson v. Wilson, 18 Va. App. 193, 195, 442 S.E.2d 694, 695-96 (1994). The decision to modify a child custody order is committed to the sound discretion of the trial court. Id. In considering whether a change in custody is warranted, the trial

- 4 -

court determines: (1) whether there has been a material change of circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child. Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983); see also Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986). The parent seeking to obtain a transfer of custody bears the burden to show a change in circumstances, Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994), and that the change in custody is appropriate for the welfare of the child. Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986) (citations omitted).

A trial court's decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it. Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986). "'A trial court's determination of matters within its discretion is reversible on appeal only for abuse of that discretion . . . and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.'" Goldhamer v. Cohen, 31 Va. App. 728, 734-35, 525 S.E.2d 599, 602 (2000) (citations omitted).

In matters concerning custody, the welfare and best interests of the child are the "primary, paramount and controlling considerations." Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991). The statute reflects the

- 5 -

importance placed upon securing the best interests of the child, whose interests, in the final analysis, must be protected by the courts. Code § 20-124.2(B) ("In determining custody, the court shall give primary consideration to the best interests of the child."); see also Keel, 225 Va. at 612, 303 S.E.2d at 921.

Mother argues that once the trial court found that the grandparents were raising the child, it should have applied the law applicable to custody disputes between biological parents and a third party. We disagree with this assertion. Legal and physical custody of the child remains with the father and has not changed since the parties signed their separation agreement. The grandparents are not a party to this matter. Furthermore, the grandparents had never been awarded legal custody or visitation rights, nor were they awarded custody or visitation rights in the trial court proceeding at issue here. Therefore, third party custody and visitation law does not apply to this case. See Code § 20-124.2(B); Williams v. Williams, 256 Va. 19, 501 S.E.2d 417 (1998). The trial court correctly did not apply it.

The trial court considered changes in circumstances. The child is being primarily raised by her grandparents. The testimony indicates this is done for the child's convenience during the school year. Mother has remarried and has a child by her current husband. In spite of the changes, the trial court found that the best interests of the child would be served by

leaving the child in the custody of her father.  We find no abuse of discretion by the trial judge.  Because the evidence supports the trial court's decision, we find no error and affirm.

<u>Affirmed.</u>