COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


ROSA G. HARRIS AND
 DARRYL S. HARRIS
                                    MEMORANDUM OPINION*
v.    Record No. 0604-03-3              PER CURIAM
                                      SEPTEMBER 2, 2003
KATHERINE A. BOXLER


          FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
                    Thomas H. Wood, Judge

          (Rosa G. Harris; Darryl S. Harris, on brief,
          pro se).

          (John C. Wirth; Nelson, McPherson, Summers &
          Santos, L.C., on brief), for appellee.


     On appeal, Rosa G. Harris (Rosa) and Darryl S. Harris

(Darryl) raise several questions regarding the outcome of Rosa's

petition for visitation with her granddaughter.  Upon reviewing

the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.[1]

                    PROCEDURAL BACKGROUND

     On September 13, 2001, Rosa, the paternal grandmother of

Ashley Lynne Boxler (the child), filed a petition for visitation

with the child.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] The child's guardian ad litem did not file a brief.

By order dated August 28, 2002, the juvenile and domestic relations district court (juvenile court) denied the petition for visitation. On August 30, 2002, Rosa's attorney, Susan Read, noted an appeal "on behalf of Rosa Harris."

On November 27, 2002, the trial court heard Rosa's de novo appeal of the juvenile court's decision. By opinion letter dated December 18, 2002, the trial court denied the petition. On February 12, 2002, the trial court entered a final order.

BACKGROUND FACTS

On appeal, we consider the evidence in the light most favorable to the party prevailing below. Wilson v. Wilson, 12 Va. App. 1251, 1254, 408 S.E.2d 576, 578 (1991). So viewed, the evidence proved that appellee Katherine A. Boxler Hodge (Katherine) and Darryl are the natural parents of the child.[2] Katherine married Darryl in June 2000. A few weeks later, a rift developed, and on June 22, 2000, Darryl sexually assaulted and abducted Katherine. Darryl was convicted and sentenced on those charges in April 2001. He is presently incarcerated on those charges. Katherine and Darryl "have had no relationship of any kind since" the assault and abduction, prior to the birth of the child.

---

[2] No transcript, or a written statement of facts in lieu thereof, was filed under Rule 5A:8. Accordingly, the only available facts are those found in the trial court's detailed opinion letter.

Katherine subsequently divorced Darryl. She married Kevin Hodge in April 2002. Neither Rosa nor Darryl "have ever seen [the child] and have not had any type of contact or communication with her." Rosa testified that she was "not willing to initiate visitation with [the child] at Katherine's house," and she stated that "she intends to take the child to visit Darryl" in prison, unless the trial court forbids such visits. "Katherine adamantly oppose[d] visitation and stated that" her future goal was for her present husband to adopt the child.

On February 12, 2003, the trial court entered a final order denying "the Petition for Visitation filed by Rosa Harris." The trial court considered "all of the factors set forth in Va. Code (1950) § 20-124.3" and found there was "virtually no evidence" that visitation by Rosa would be in the child's best interest.

## APPELLEE'S MOTION TO DISMISS

Katherine moved to dismiss this appeal because appellants failed to timely file a transcript or statement of facts pursuant to Rule 5A:8. This rule, however, does not require a dismissal of the appeal if the record is sufficient otherwise to determine the merits of issues on appeal without the transcripts. See Goodpasture v. Goodpasture, 7 Va. App. 55, 58, 371 S.E.2d 845, 846-47 (1988); Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

After reviewing the record in this case and the issues in question, we conclude that the transcript is not indispensable to our resolution of appellants' argument that the trial court erred in finding Rosa failed to present sufficient evidence to obtain the requested visitation. Therefore, we deny the motion to dismiss and address the merits of appellants' sufficiency argument.

ISSUES PRESERVED

Appellants filed no transcript or statement of facts, see supra note 2, therefore, we are limited to the information contained in that portion of the trial court record that was timely filed.

Through counsel, Rosa included written objections on the final order contesting the "finding that [she] failed to carry her burden of proof." She argued that the trial court erred

> in light of evidence presented at trial of the familial relationship between Ashley Boxler and Rosa Harris, Rosa Harris' custodianship of two young half-siblings of Ashley Boxler, Rosa Harris' qualities as a caretaker of children and Rosa Harris' intent to support a relationship between Ashley Boxler and her father.

Darryl, through his guardian ad litem, included the following written objections:

> The trial court erred in finding there was virtually no evidence that visitation between Rosa Harris and the minor child would be beneficial to the child, as evidence was presented at the trial that Rosa Harris is the legal custodian of Ashley

- 4 -

Boxler's half-siblings, that she is a fit and proper caregiver for those children, that Darryl S. Harris, Ashley's father, who is set to be released from incarceration in August 2006, desired to establish a relationship with Ashley while she is still young, and that Ms. Harris would support and encourage the relationship between Mr. Harris and his daughter.

### ISSUES ON APPEAL

On appeal, appellants[3] raised the following issues:

(1) Did the circuit court satisfy the constitutional requirement that a denial of visitation would be harmful or detrimental to the welfare of the child?

(2) Did the circuit court properly consider the guardian ad litem's recommendation or opinion?

(3) May the Juvenile & Domestic Relations District [Court] not provide a prompt adjudication of the original petition for visitation irregardless of any petitions filed thereafter? Was due process denied?

### ISSUE I

In their first issue, appellants contend the trial court applied an incorrect standard in denying visitation by Rosa, a non-parent. They also argue that the trial court erred in refusing to abide by the recommendation of the child's guardian ad litem.

---

[3] The record shows that, on March 7, 2003, Darryl filed a Notice of Appeal listing "Rosa G. Harris" and "Darryl S. Harris" as petitioners and "Katherine A. (Boxler) Hodge" as respondent. Rosa and Darryl signed the notice. Darryl indicated under his signature that he is proceeding pro se.

## A.  Standard for Visitation

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  "The burden is upon the appellant to provide us with a record which substantiates the claim of error."  Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted).

The record fails to show that appellants raised or preserved an objection to the standard applied by the trial court.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, because the trial court correctly applied the standard expressed in Dotson v. Hylton, 29 Va. App. 635, 638-40, 513 S.E.2d 901, 903 (1999),[4] the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

---

[4] The detriment or harms test that appellant and Darryl contend in their brief should have been applied is actually a more stringent test.  See Williams v. Williams, 256 Va. 19, 20, 501 S.E.2d 417, 417 (1998) (when both parents of intact family object to grandparent visitation, the state must have compelling interest before interfering with parental rights; thus, the trial court had to first find that withholding visitation would be detrimental to the child before it applied the best interests standard).

## B.  Sufficiency

In their additional argument, appellants challenge the trial court's decision, arguing that it ruled contrary to the weight of the evidence.

"Code § 20-124.2(B) requires a showing of 'clear and convincing evidence' before visitation may be awarded to a non-parent.  This erects a 'more stringent standard' than a mere 'preponderance of the evidence.'"  Griffin v. Griffin, 41 Va. App. 77, 85, 581 S.E.2d 899, 903 (2003) (quoting Congdon v. Congdon, 40 Va. App. 255, 263, 578 S.E.2d 833, 837 (2003)).

"Because the trial court heard the evidence at an ore tenus hearing, its decision 'is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it.'"  Piatt v. Piatt, 27 Va. App. 426, 432, 499 S.E.2d 567, 570 (1998) (citation omitted).  "Absent clear evidence to the contrary in the record, the judgment of a trial court comes to an appellate court with a presumption that the law was correctly applied to the facts."  Bottoms v. Bottoms, 249 Va. 410, 414, 457 S.E.2d 102, 105 (1995).

In determining the best interests of the child, the trial court considered the factors in Code § 20-124.3.  Relevant statutory factors applicable in this case include the "relationship existing between each parent and each child," the role each parent played and will play in the future in rearing the child, "[a]ny history of family abuse," and "[s]uch other

factors as the court deems necessary and proper to the determination."  Id.

Six weeks after her marriage to Darryl, Katherine decided to separate.  She gave birth to the child after they separated and has since remarried.  The child was almost two years old at the time of the hearing and had no relationship with Rosa or Darryl.  Appellants are virtual strangers to the child.  Moreover, Rosa refused to accept Katherine's invitation to visit the child in the mother's home, where she could have begun a relationship with the child.  Instead, she chose to press for independent visitation, so that she could take the child to visit Darryl, who is incarcerated for abusing the child's mother.

The record supports the trial court's determination that appellants failed to carry their burden of proving by clear and convincing evidence that visitation was in the child's best interest.  Accordingly, we cannot say that the trial court's decision was plainly wrong or without evidence to support it.

### ISSUE II

Appellants question whether the trial court "properly consider[ed] the guardian ad litem's recommendation."  In the final order, the child's guardian ad litem objected "because in [her] opinion . . . it is in the child's best interest to learn about and know her father now rather [than] be shocked by his sudden appearance when he is released from incarceration."  The

trial court, sitting as fact finder, disagreed with the guardian _ad litem_ and found that appellants failed to prove by clear and convincing evidence that it was in the child's best interests to award Rosa visitation. As discussed in I (B), _supra_, the evidence supports that finding. Moreover, the guardian _ad litem_'s recommendation focused on visitation with Darryl in prison and did not address the benefits that would result from visitation with Rosa.

### ISSUE III

Appellants contend the juvenile court failed to provide a prompt adjudication of the petition for visitation, thus denying her due process.

"The burden is upon the appellant to provide us with a record which substantiates the claim of error." _Jenkins_, 12 Va. App. at 1185, 409 S.E.2d at 20. Appellants did not file a transcript or a written statement of facts, nor did they include on the final order a due process objection relating to the juvenile court proceedings.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." _Ohree v. Commonwealth_, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). _See_ Rule 5A:18. Absent anything in the record showing that this issue was raised and preserved in the trial court, we are unable to determine if they raised this issue at trial. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

Moreover, because an appeal from a decision by the juvenile court involves a trial de novo annulling the juvenile court's decision, see Fairfax County Dep't of Family Servs. v. D.N., 29 Va. App. 400, 406, 512 S.E.2d 830, 832 (1999), the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

DARRYL'S MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

On October 21, 2002, the trial court appointed Paul Dryer as guardian ad litem "to defend and protect the interests of Darryl S. Harris." In its order, the trial court stated that it made the appointment because

> [i]t appear[ed] that these proceedings
> involve matters of custody and visitation
> concerning the above minor child, and it
> further appear[ed] that the defendant,
> Darryl S. Harris, is currently under a
> disability due to his incarceration and is
> therefore, entitled to the appointment of a
> guardian ad litem pursuant to § 16.1-266(D)
> of the Code of Virginia.

Code § 8.01-9 requires the appointment of a guardian ad litem for, inter alia, persons incarcerated on a felony whenever that person "is a party defendant" in a suit. "Every guardian ad litem shall faithfully represent the estate or other interest of the person under a disability for whom he is appointed, and it shall be the duty of the court to see that the interest of the defendant is so represented and protected." Id.

Code § 16.1-266(D), upon which the trial court relied in appointing Dryer as Darryl's guardian ad litem and upon which

- 10 -

Darryl relies in requesting that this Court appoint him a guardian <u>ad</u> <u>litem</u>, provides:

> In those cases described in subsections A, B and C which in the discretion of the court require counsel or a guardian ad litem to represent the child or children or the parent or guardian or other adult party in addition to the representation provided in those subsections, a discreet and competent attorney-at-law may be appointed by the court as counsel or a guardian ad litem.

Subsections A, B and C allow the trial court to appoint a guardian <u>ad</u> <u>litem</u> in situations where the rights of parents or juveniles are seriously affected, for example, cases involving a detention or transfer hearing, a petition to terminate parental rights, situations where a child is the subject of an entrustment agreement, allegations of abuse or neglect or a petition for a child in need of services. Subsections A and B only pertain to the appointment of a guardian <u>ad</u> <u>litem</u> to represent a child. Code § 16.1-266(C) provides that the trial court

> shall inform the parent or guardian of his right to counsel prior to the adjudicatory hearing of a petition in which a child is alleged to be abused or neglected or at risk of abuse or neglect . . . and prior to a hearing at which a parent could be subjected to the loss of residual parental rights.

Although Darryl is a person under a disability, <u>see</u> Code § 8.01-2(6)(a), he is not "a party defendant" in this appeal. Darryl joined suit with his mother, who petitioned for visitation. Like Rosa's retained attorney, Darryl's guardian <u>ad</u>

- 11 -

litem objected to the denial of Rosa's petition for visitation. Darryl co-signed Rosa's Notice of Appeal, pro se. On appeal, Darryl co-signed Rosa's opening brief, and he was the sole signatory of the certification required under Rule 5A:21(g). Neither Code §§ 8.01-9 nor 16.1-266(D) require this Court to appoint a guardian ad litem under these circumstances, viz., to prosecute Rosa's appeal denying her petition for visitation. This case did not involve an entrustment agreement, a custody dispute, a case involving termination of Darryl's parental rights or any of the actions described in Code § 16.1-266. Moreover, Darryl is not and was not "a party defendant" in this suit such that his rights or interests are affected. See Code § 8.01-9.

In an overabundance of caution, the trial court appointed a guardian ad litem in case custody might be an issue. However, Darryl was not a party defendant, nor were his rights or interests affected. Accordingly, we deny Darryl's motion for the appointment of a guardian ad litem.

For the reasons stated herein, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.