COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Beales and Senior Judge Annunziata

KELLI DAVIDSON

MEMORANDUM OPINION*

v. Record No. 0305-09-3

PER CURIAM
SEPTEMBER 1, 2009

ROGER BRIAN DAVIDSON

FROM THE CIRCUIT COURT OF SMYTH COUNTY
Charles H. Smith, Jr., Judge Designate

(Michael A. Bragg; R. Christopher Munique, Guardian *ad litem* for the minor child; Bragg Law, PLC; Lacy, Campbell & Munique, PC, on brief), for appellant.

(Jeffrey L. Campbell; John H. Graham, Guardian *ad litem* for mother; Campbell & Associates, P.C.; Graham & Graham, PC, on brief), for appellee.

Kelli Davidson (Kelli) appeals the trial court's ruling on visitation with her stepdaughter. Kelli argues that (1) the trial court erred by granting the motion to strike the evidence; (2) the trial court erred by requiring Kelli to prove "actual harm" to the child if visitation were denied; (3) Roger Brian Davidson (father) was estopped from claiming a "liberty interest" when he previously sought and obtained a court order granting him custody of the child and relied upon evidence that Kelli would be providing care to the child; (4) father was estopped from claiming a "liberty interest" when he previously sought and obtained a court order granting him custody of the child after he induced Kelli to marry him and act as a mother to the child and she did so in reliance upon his promises; (5) clear and convincing evidence overcame father's defense of a "liberty interest"; and (6) she presented clear and convincing evidence that father was not acting in the best interests of the

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

child in denying her visitation, but did so out of racial bigotry. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.[1] Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

On appeal, we review the evidence in the light most favorable to father, the party prevailing below. O'Rourke v. Vuturo, 49 Va. App. 139, 145, 638 S.E.2d 124, 126 (2006) (citation omitted).

In 2002, the child was born to Gina Lampkins (mother) when she was incarcerated.[2] In January 2003, father and Kelli married. After a paternity test confirmed that he was the father, father filed for custody of the child in January 2003 and was awarded custody in June 2003.[3] Father and Kelli took care of the child until the parties separated in January 2007. After the parties' separation, father terminated contact between Kelli and the child, but did allow one overnight visit shortly before the circuit court hearing.

In February 2007, Kelli filed for custody in the juvenile and domestic relations district court (the JDR court). Neither father nor mother supported Kelli receiving visitation. The JDR court denied Kelli's petition, and Kelli appealed. After Kelli presented her evidence to the trial court, father made a motion to strike, arguing that Kelli had not proven that the child would suffer actual harm if Kelli were denied visitation. The trial court granted father's motion, and Kelli timely noted her appeal.

---

[1] Kelli filed a motion requesting leave to file a late reply brief. Upon consideration whereof, we deny the motion.

[2] Mother's anticipated release date is July 2010.

[3] Kelli was not named a co-petitioner and was not awarded any custodial or visitation rights.

ANALYSIS

"A trial court's determination with regard to visitation is reversible only upon a showing that the court abused its discretion." Stadter v. Siperko, 52 Va. App. 81, 88, 661 S.E.2d 494, 497 (2008) (citation omitted).

Issues 1 and 2

Kelli argues that the trial court erred in granting the motion to strike and that the trial court erred in requiring Kelli to prove actual harm to the child if visitation were denied.

At trial, neither mother nor father supported Kelli having visitation with the child. "[T]he right of the parents in raising their child is a fundamental right protected by the Fourteenth Amendment." Williams v. Williams, 24 Va. App. 778, 783, 485 S.E.2d 651, 654 (1997), aff'd as modified, 256 Va. 19, 501 S.E.2d 417 (1998).

> "[B]efore visitation can be ordered over the objection of the child's parents, a court must find an actual harm to the child's health or welfare without such visitation." A court reaches consideration of the "best interests" standard in determining visitation only after it finds harm if visitation is not ordered.

Williams, 256 Va. at 22, 501 S.E.2d at 418 (quoting Williams, 24 Va. App. at 784-85, 485 S.E.2d at 654).

The trial court did not err in requiring Kelli to prove actual harm to the child if visitation were denied. Kelli did not prove actual harm by clear and convincing evidence, as required by Code § 20-124.2(B). Griffin v. Griffin, 41 Va. App. 77, 85, 581 S.E.2d 899, 903 (2003). Kelli provided evidence of her close bond with the child, but that evidence was not sufficient to overcome her burden.

> To justify a finding of actual harm under the clear and convincing burden of proof, the evidence must establish more than the obvious observation that the child would benefit from the continuing emotional attachment with the non-parent. No doubt losing such a relationship would cause some measure of sadness and a sense of loss which, in theory, "could be" emotionally harmful. But that is

> not what we meant by "*actual* harm to the child's health or welfare."

Id. at 85-86, 581 S.E.2d at 903 (quoting Williams, 24 Va. App. at 784-85, 485 S.E.2d at 654) (emphasis added in original).

Accordingly, the trial court did not err in granting the motion to strike.

Issues 3 and 4

Kelli argues that father was estopped from claiming a liberty interest when he previously sought and obtained a court order granting him custody of the child after he induced Kelli to marry him and act as a mother to the child and relied on her testimony to receive custody.

"[T]he 'liberty interest at issue in this case – the interest of parents in the care, custody, and control of their children – is perhaps the oldest of the fundamental liberty interests recognized by this Court.'" Id. at 82, 581 S.E.2d at 901 (quoting Troxel v. Granville, 530 U.S. 57, 65 (2000)).

Kelli contends father should be estopped from pursuing his liberty interest because he already submitted to the court to decide custody and visitation and presented Kelli as one who would be involved in the child's daily care.

> Judicial estoppel forbids a party "from assum[ing] successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory." Lofton Ridge, LLC v. Norfolk S. Ry. Co., 268 Va. 377, 380-81, 601 S.E.2d 648, 650 (2004) (internal quotation marks omitted). In order for the doctrine to apply, the proceeding must involve the same parties. Bentley Funding Group, L.L.C. v. SK&R Group, L.L.C., 269 Va. 315, 326, 609 S.E.2d 49, 54 (2005).

Matthews v. Matthews, 277 Va. 522, 529, 675 S.E.2d 157, 160-61 (2009).

Kelli was not a named party in the initial custody matter; therefore, judicial estoppel does not apply because the proceedings did not involve the same parties. In addition, Kelli was not afforded any legal custody or visitation rights in the initial matter. Kelli was present to support

father, but not to gain custody of the child herself. The issues and facts were different in the two cases because in the initial custody matter, father was seeking custody while maternal grandmother was caring for the child. In this case, Kelli is asking for custody and visitation, while father has custody of the child.

Furthermore, Kelli contends father relinquished his liberty interest when he allowed Kelli to act as the child's mother, and not just as her stepmother. For instance, Kelli was allowed to make medical decisions and was allowed to discipline the child. The child referred to Kelli as her "mommy." Kelli argues that all of these actions on the part of father led him to relinquish his liberty interest.

In Stadter, the mother's partner argued to the Court that the mother "voluntarily relinquished partial custody" when she allowed her partner to "take on significant child care responsibility." Stadter, 52 Va. App. at 93, 661 S.E.2d at 500. Like Kelli in this case, the partner argued that the trial court should use a "best interests of the child" standard. Id. However, the Court rejected the argument and held that a ruling that would allow a non-parent who performed child-rearing functions to assert the rights of a parent for visitation could lead to "unjust and absurd results." Id. We decline to hold that father relinquished his liberty interest because he allowed Kelli to care for the child.

Kelli also contends she relied on father's representations that she would have a maternal role in the child's life. However, this argument was not made at the lower court level. See Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

Issues 5 and 6

Kelli argues that she presented clear and convincing evidence which overcame father's defense of a liberty interest. She contends there were special facts and circumstances which proved that father was not acting in the child's best interests.

There is a "presumption that a fit parent will act in the best interest of the child." Denise v. Tencer, 46 Va. App. 372, 384, 617 S.E.2d 413, 419 (2005) (citing Troxel, 530 U.S. at 68).

> [C]ourts may grant visitation to a non-parent in contravention of a fit parent's expressed wishes only when justified by a compelling state interest. Williams, 24 Va. App. at 783, 485 S.E.2d at 654. "[T]o constitute a compelling interest, state interference with a parent's right to raise his or her child must be for the purpose of protecting the child's health or welfare." Id. We have held that compelling state interests in a child's health or welfare will operate to overcome the presumption in favor of a fit biological parent in certain specific circumstances, including . . . where it has been "established by clear and convincing evidence [that there are] 'special facts and circumstances . . . constituting an extraordinary reason for taking a child from its parent, or parents.'" Bailes v. Sours, 231 Va. 96, 100, 340 S.E.2d 824, 827 (1986) (quoting Wilkerson v. Wilkerson, 214 Va. 395, 397-98, 200 S.E.2d 581, 583 (1973)).

Stadter, 52 Va. App. at 89, 661 S.E.2d at 497-98.

Among the other special facts and circumstances not previously discussed, Kelli alleges that father's racial bigotry is a factor to prove that he is not acting in the child's best interests. Kelli contends father left their marriage because he was upset that Kelli's daughter had a friend who was a black male. Father denied this allegation.

"'The term "clear and convincing evidence" is defined as the measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction upon the allegations sought to be established.'" Id. at 94, 661 S.E.2d at 500 (quoting Bottoms v. Bottoms, 249 Va. 410, 413, 457 S.E.2d 102, 105 (1995)).

Here, the trial court did not err in concluding that Kelli did not prove by clear and convincing evidence that there were any special facts or circumstances to justify the "best interests" standard.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.